Joseph R. Manning, Jr., Esq. (State Bar No. 223381)
Michael J. Manning, Esq. (State Bar No. 286879)
Craig G. Côté, Esq. (State Bar No. 132885)
**MANNING LAW, APC**
4667 MacArthur Blvd., Suite 150
Newport Beach, CA 92660
Office: (949) 200-8755
ADAPracticeGroup@manninglawoffice.com

Attorneys for Plaintiff: JAMES RUTHERFORD

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES RUTHERFORD, an individual,<br><br>    Plaintiff,<br><br>v.<br><br>TOM'S BURGERS FAMILY RESTAURANT, a business of unknown form; GEORGIA VALASKANTJIS AND NIKIFOROS VALASKANTJIS, individually and as trustees under DECLARATION OF TRUST DATED MAY 10, 2990 F/B/O GEORGIA VALASKANTJIS AND NIKIFOROS VALASKANTJIS, TRUSTORS; and DOES 1-10, inclusive,<br><br>    Defendants. | **Case No.** '18CV2022 AJB WVG<br><br>**Complaint For Damages And Injunctive Relief For:**<br><br>1. **VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT OF 1990, 42 U.S.C. §12181** *et seq.*<br><br>2. **VIOLATIONS OF THE UNRUH CIVIL RIGHTS ACT, CALIFORNIA CIVIL CODE § 51** *et seq.* |

1
COMPLAINT

Plaintiff, JAMES RUTHERFORD ("Plaintiff"), complains of Defendants GEORGIA VALASKANTJIS AND NIKIFOROS VALASKANTJIS, individually and as trustees under DECLARATION OF TRUST DATED MAY 10, 2990 F/B/O GEORGIA VALASKANTJIS AND NIKIFOROS VALASKANTJIS, TRUSTORS; and DOES 1-10 ("Defendants") and alleges as follows:

## PARTIES:

1. Plaintiff is an adult California resident. Plaintiff is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, ambulating, sitting, in addition to twisting, turning, and grasping objects. As a result of these disabilities, Plaintiff relies upon mobility devices, including at times a wheelchair, to ambulate. With such disabilities, Plaintiff qualifies as a member of a protected class under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12102(2) and the regulations implementing the ADA set forth at 28 C.F.R. §§ 36.101 et seq. At the time of Plaintiff's visits to Defendant's facility and prior to instituting this action, Plaintiff suffered from a "qualified disability" under the ADA, including those set forth in this paragraph. Plaintiff is also the holder of a Disabled Person Parking Placard.

2. Plaintiff brings this action acting as a "private attorney general" as permitted under the American with Disabilities Act of 1990 ("ADA") to privatize enforcement of the ADA without the American tax payer(s) bearing the financial tax burden for such action.

3. Defendant GEORGIA VALASKANTJIS AND NIKIFOROS VALASKANTJIS, individually and as trustees under DECLARATION OF TRUST DATED MAY 10, 2990 F/B/O GEORGIA VALASKANTJIS AND NIKIFOROS VALASKANTJIS, TRUSTORS, owned the property located at 1205 W San Marcos

Blvd, San Marcos, CA 92078 ("Property") in June, 2018.

4. Defendant GEORGIA VALASKANTJIS AND NIKIFOROS VALASKANTJIS, individually and as trustees under DECLARATION OF TRUST DATED MAY 10, 2990 F/B/O GEORGIA VALASKANTJIS AND NIKIFOROS VALASKANTJIS, TRUSTORS, owns the Property currently.

5. TOM'S BURGERS FAMILY RESTAURANT, a business of unknown form, owned, operated and controlled the business of Tom's Burgers Family Restaurant ("Business") in June, 2018.

6. TOM'S BURGERS FAMILY RESTAURANT, a business of unknown form, owns, operates and controls the Business currently.

7. Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the Property and Business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq. ("ADA").

9. This court has supplemental jurisdiction over Plaintiff's non-federal claims pursuant to 28 U.S.C. § 1367, because Plaintiff's UCRA claims are so related to Plaintiff's federal ADA claims in that they have the same nucleus of operative facts and arising out of the same transactions, they form part of the same case or controversy under Article III of the United States Constitution.

10. Venue is proper in this court pursuant to 28 U.S.C. §1391 because the Property which is the subject of this action is located in this district and because Plaintiff's causes of action arose in this district.

**FACTUAL ALLEGATIONS**

11. Plaintiff went to the Business on or about June, 2018 to use the restroom.

12. The Business, including the Property, is a facility open to the public, a place of public accommodation, and a business establishment.

13. Parking spaces are some of the facilities, privileges and advantages reserved by Defendants to persons patronizing the Business and Property.

14. Unfortunately, although parking spaces were some of the facilities reserved for patrons, there were barriers for persons with disabilities that cause the named facilities to fail as to compliance with the Americans with Disability Act Accessibility Guidelines ("ADAAG") on or around June, 2018, or at any time thereafter up to and including, the date of the filing of this complaint.

15. Instead of having architectural barrier free facilities for patrons with disabilities, Plaintiff experienced the following at the Business and Property: there is no ADASAD compliant van accessible parking signage in violation of Section 502.6; a curb ramp at the accessible parking space projects into the access aisle in violation of Section 406.5. Curb ramps and the flared sides of curb ramps shall be located so that they do not project into vehicular traffic lanes, parking spaces, or parking access aisles. Curb ramps at marked crossings shall be wholly contained within the markings, excluding any flared sides; an accessible parking space with a slope of 10.7% where 502.4 prohibits a slope over 2%; a ramp with an incline in excess of 8.3% which is a violation of Section 405.2; flush controls that are not located on the open side of the water closet in violation of Section 604.6; and outdoor dining surfaces and standing spaces with less than 5% of the seating spaces compliant with Section 902 and available for the consumption of food or drink in

violation of Section 226.1.

16. Subject to the reservation of rights to assert further violations of law after a site inspection found *infra*, Plaintiff asserts there are additional ADA violations which affect him personally.

17. Plaintiff is informed and believes and thereon alleges that, currently, there are no compliant, accessible Business facilities designed, reserved and available to persons with disabilities at the Business in addition to that alleged *supra*.

18. Plaintiff is informed and believes and thereon alleges that Defendants had no policy or plan in place to make sure that the parking spaces were compliant for persons with disabilities and remained compliant prior to June, 2018.

19. Plaintiff is informed and believes and thereon alleges Defendants have no policy or plan in place to make sure that the complaints of violations alleged above are available to persons with disabilities and remain compliant currently.

20. Plaintiff personally encountered the above alleged barriers when attempting to access the Business and Property. These inaccessible conditions denied the Plaintiff full and equal access and caused him difficulty, humiliation, frustration and upset.

21. As an individual with a mobility disability who at times is dependent upon a mobility device, Plaintiff has a keen interest in whether public accommodations have architectural barriers that impede full accessibility to those accommodations by individuals with mobility impairments.

22. Plaintiff is being deterred from patronizing the Business and its accommodations on particular occasions, but intends to return to the Business for the dual purpose of availing himself of the goods and services offered to the public and to ensure that the Business ceases evading its responsibilities under federal and state law.

23. As a result of his difficulty, humiliation, and frustration because of the inaccessible condition of the facilities of the Business, Plaintiff did not fully access

the Business or Property. However, Plaintiff would like to return to the location given its close proximity to an area he frequents from time to time.

24. The defendants have failed to maintain in working and useable conditions those features required to provide ready access to persons with disabilities.

25. The violations identified above are easily removed without much difficulty or expense. They are the types of barriers identified by the Department of Justice as presumably readily achievable to remove and, in fact, these barriers are readily achievable to remove. Moreover, there are numerous alternative accommodations that could be made to provide a greater level of access if complete removal were not achievable.

26. Given the obvious and blatant violation alleged hereinabove, Plaintiff alleges, on information and belief, that there are other violations and barriers in the site that relate to his disabilities. Plaintiff will amend the complaint, to provide proper notice regarding the scope of this lawsuit, once he conducts a site inspection. However, please be on notice that Plaintiff seeks to have all barriers related to their disabilities remedied. See *Doran v. 7-11,* 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to his disability removed regardless of whether he personally encountered them).

27. Given the obvious and blatant violation alleged hereinabove, Plaintiff alleges, on information and belief, that the failure to remove these barriers was intentional because: (1) these particular barriers are intuitive and obvious; (2) the defendants exercised control and dominion over the conditions at this location, and therefore, (3) the lack of accessible facilities was not an accident because had the defendants intended any other configuration, they had the means and ability to make the change.

28. Without injunctive relief, plaintiff will continue to be unable to fully

access Defendants' facilities in violation of Plaintiff's rights under the ADA.

# FIRST CAUSE OF ACTION

# VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT OF 1990, 42 U.S.C. § 12181 *et seq*.

29. Plaintiff re-alleges and incorporates by reference all paragraphs alleged above and each and every other paragraph in this Complaint necessary or helpful to state this cause of action as though fully set forth herein.

30. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods, and services of any place of public accommodation are offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

    a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

    b. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADAAG, found at 28 C.F.R., Part 36, Appendix "D".

    c. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs, or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving

the area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

31. Any business that provides parking spaces must provide accessible parking spaces. 1991 Standards § 4.1.2(5). 2010 Standards § 208. Under the 1991 Standards, parking spaces and access aisles must be level with surface slopes not exceeding 1:50 (2.0%) in all directions. 1991 Standards § 4.6.2. Under the 2010 Standards, access aisles shall be at the same level as the parking spaces they serve. Changes in level are not permitted. 2010 Standards § 502.4. "Access aisles are required to be nearly level in all directions to provide a surface for wheelchair transfer to and from vehicles." 2010 Standards § 502.4 Advisory. Specifically, built up curb ramps are not permitted to project into access aisles and parking spaces. Id. No more than a 1:48 slope is permitted. Standards § 502.4.

32. Here, the failure to ensure that accessible facilities were available and ready to be used by Plaintiff is a violation of law.

33. A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

34. Given its location and options, Plaintiff will continue to desire to patronize the Business but he has been and will continue to be discriminated against due to lack of accessible facilities and, therefore, seek injunctive relief to remove the barriers.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE UNRUH CIVIL RIGHTS ACT, CALIFORNIA CIVIL CODE § 51 *et seq.*

35. Plaintiff re-alleges and incorporates by reference all paragraphs alleged above and each and every other paragraph in this Complaint necessary or helpful to state this cause of action as though fully set forth herein.

36. California Civil Code § 51 *et seq.* guarantees equal access for people

with disabilities to the accommodations, advantages, facilities, privileges, and services of all business establishments of any kind whatsoever.  Defendants are systematically violating the UCRA, Civil Code § 51 *et seq*.

37. Because Defendants violate Plaintiff's rights under the ADA, they also violated the Unruh Civil Rights Act and are liable for damages.  (Civ. Code § 51(f), 52(a).)   These violations are ongoing.

38. Defendants' actions constitute intentional discrimination against Plaintiff on the basis of their individual disabilities, in violation of the UCRA, Civil Code § 51 *et seq*.   Plaintiff is informed and believes and thereon alleges Defendants have been previously put on actual notice that its premises are inaccessible to Plaintiff as above alleged.  Despite this knowledge, Defendants maintain the Property and Business in an inaccessible form.

## PRAYER

**WHEREFORE, Plaintiff prays that this court award damages provide relief as follows:**

1. A preliminary and permanent injunction enjoining Defendants from further violations of the ADA, 42 U.S.C. § 12181 *et seq.*, and UCRA, Civil Code § 51 *et seq.* with respect to its operation of the Business and Subject Property; **Note: Plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disable Persons Act at all.**

2. An award of actual damages and statutory damages of not less than $4,000 per violation pursuant to § 52(a) of the California Civil Code and $4,000 for each time he visits an establishment that contains architectural barriers that deny the Plaintiff of full and equal enjoyment of the premises (*Feezor v. Del Taco, Inc.* (2005) 431 F.Supp.2d 1088, 1091.)

3. An additional award of $4,000.00 as deterrence damages for each violation pursuant to *Johnson v. Guedoir,* 218 F. Supp. 3d 1096; 2016 U.S. Dist. LEXIS 150740 (USDC Cal, E.D. 2016);

4. For reasonable attorneys' fees, litigation expenses, and costs of suit, pursuant to 42 U.S.C. § 12205; California Civil Code § 52;

## DEMAND FOR JURY TRIAL

Plaintiff hereby respectfully request a trial by jury on all appropriate issues raised in this Complaint.

Dated: August 28, 2018        **MANNING LAW, APC**

By: /s/ Joseph R. Manning Jr., Esq.
    Joseph R. Manning Jr., Esq.
    Michael J. Manning, Esq.
    Craig G. Côté, Esq.
    Attorneys for Plaintiff